Dennis Stewart (SBN 99152)
**GUSTAFSON GLUEK PLLC**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (612) 333-8844

*Counsel for Plaintiff*
*(Additional Counsel Listed on Signature Page)*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALEX JUNIOR SANTIAGO DA CRUZ,** individually and on behalf of all other persons similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> **KELLERMEYER BERGENSONS SERVICES, LLC,** <br><br> *Defendant.* | Civil Action No. **'25CV0255 JLS  SBC** <br><br> **COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF:** <br><br> (1) FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 201, *et seq*.) <br><br> **(JURY TRIAL DEMANDED)** |

COLLECTIVE ACTION COMPLAINT - 1

Plaintiff Alex Junior Santiago da Cruz ("Plaintiff"), individually and on behalf of all other persons similarly situated ("Collective Action Members"), through counsel and by way of Complaint, alleges as follows:

## NATURE OF ACTION

1. Plaintiff, on behalf of himself and all others similarly situated, brings this collective action against Defendant Kellermeyer Bergensons Services, LLC ("KBS"), to recover unpaid overtime wages due under the Federal Fair Labor Standards Act ("FLSA").

2. KBS is North America's largest privately-owned facility services provider, servicing more than 100,000 locations in all 50 states.[1] To service such a large number of locations, KBS uses third-party intermediaries to provide janitorial service workers at the various job locations.

3. Those third-party janitorial service workers, including Plaintiff and the Collective Action Members, work at the direction and control of KBS at the job site locations.

4. At all relevant times, KBS had the authority to hire and fire Plaintiff and the Collective Action Members, supervised and controlled their work schedules, and maintained their time keeping records. Despite acting as the joint employer, KBS failed to pay Plaintiff and the Collective Action Members overtime compensation (time-and-a-half overtime compensation) owed to them for hours worked in excess of 40 hours per workweek, as required by federal law. 29 U.S.C. § 207(a)(1).

5. The Collective Action Members are all persons who worked for third party intermediaries at the direction and control of KBS to perform janitorial services in facilities in the United States who were not paid overtime for work performed in excess of 40 hours per workweek.

---

[1] https://www.kbs-services.com/about/

COLLECTIVE ACTION COMPLAINT - 2

## PARTIES

6. Plaintiff Alex Junior Santiago da Cruz is an adult individual residing in Philadelphia, Pennsylvania. Plaintiff was employed through an intermediary, Superior Janitorial Cleaning, to work as a janitor at the direction and control of KBS at an Amazon warehouse in Robinsonville, New Jersey between July 2022 and February 2024.

7. Plaintiff was paid $16 per hour. Plaintiff consistently worked double shifts, night shifts, and weekends, resulting in him regularly working more than 40 hours each week. His typical scheduled work week was 5 days a week, with 11.5-hour shifts, totaling 57.5 hours a week. Plaintiff was *never* paid overtime.

8. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a plaintiff in this action. *See* Exhibit A.

9. KBS is limited liability company incorporated in Delaware, and its principal place of business is located at 3605 Occean Ranch Boulevard, Suite 200, Oceanside, CA 92056.

## JURISDICTION AND VENUE

10. Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), as the Defendant resides in this district.

## GENERAL ALLEGATIONS RELEVANT TO ALL CLAIMS

12. KBS is North America's largest privately-owned facility service provider. KBS provides cleaning services at 100,000 client locations in all 50 states.

13. KBS boasts on its website that its "employees come to work each day with a great attitude, ready to deliver superior service to our clients. Our dedication to our people means we offer opportunities to pursue career growth, development, and leadership. We deeply value our employees and are committed to creating a best-in-class workplace with competitive salaries and benefits." *See* https://www.kbs-services.com/about/careers/.

COLLECTIVE ACTION COMPLAINT - 3

14. At all times relevant to this litigation, KBS provided janitorial services on a contract basis to various business across the country.

15. In supplying those services, KBS fulfilled its contractual obligations by using intermediary employers to provide janitorial staff as hourly paid, non-exempt employees.

16. Through these intermediary employers, KBS had the power to hire and fire, supervise and control the work schedules and/or conditions of employment, and maintain employment records for Plaintiff and the Collective Action Members.

17. KBS required Plaintiff and the Collective Action Members wear KBS uniforms with the KBS insignia on them while performing janitorial services.

18. KBS issued weekly work schedules for the Plaintiff and the Collective Action Members and assigned them to certain specific tasks at their respectively assigned facility.

19. KBS employed various managers and supervisors at the various facilities to direct and control the work of Plaintiff and the Collective Action Members.

20. Plaintiff and the collective members were told by these various KBS managers and supervisors to clock in and out using KBSPresence, a KBS app on their smart phones, which is reflected in the screenshot below.



COLLECTIVE ACTION COMPLAINT - 4

21. Plaintiff was instructed not to enter overtime hours worked on the KBSPresence app. Rather, Plaintiff was instructed to exclusively make requests for overtime pay by submitting a paper form.

22. While performing janitorial services at KBS's direction, Plaintiff and the Collective Action Members regularly worked more than 40 hours a week and were entitled to overtime compensation.

23. KBS failed to provide overtime compensation owed to Plaintiff and the Collective Action Members.

24. KBS knew or should have known that Plaintiff and the Collective Action Members were entitled to, but were not receiving, certain wages for overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of those individuals who worked under the direction and control of KBS performing janitorial services, who at any time during the past three years worked more than 40 hours per week and were not paid the overtime pay rate—one-and-a-half times their regular rate of pay for overtime hours.

26. Plaintiff has personal knowledge that other putative Collective Action Members were not paid overtime as required by federal law.

27. The Plaintiff is "similarly situated" to the Collective Action Members, within the meaning of Section 216(b) of the FLSA.

28. The Collective Action Members are not exempt from receiving overtime pay under the FLSA.

29. As a joint employer of Plaintiff and the Collective Action Members, KBS's failure to pay overtime wages results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Action Members.

30. The respective damages of Plaintiff and the Collective Action Members

COLLECTIVE ACTION COMPLAINT - 5

are ascertainable and calculable using a simple formula uniformly applicable to all of them.

## CAUSE OF ACTION

### COUNT I

### Federal Fair Labor Standards Act

### On Behalf of the Collective Action

31. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

32. At all relevant times, KBS was an "employer" under the FLSA. *See* 29 U.S.C. § 203(d).

33. At all relevant times, KBS was an "enterprise engaged in commerce" under the FLSA. *See* 29 U.S.C. § 203(s)(1)(B).

34. KBS was the employer of Plaintiff and the Collective Action Members pursuant to the FLSA, as it acted directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

35. Plaintiff and Collective Action Members were not exempt from overtime under the FLSA.

36. Plaintiff and the Collective Action Members are/were paid on an hourly basis.

37. At all relevant times, Plaintiff and the Collective Action Members work/worked in excess of 40 hours per seven-day workweek under the direction and control of KBS.

38. Plaintiff and the Collective Action Members are/were not paid for all compensable hours of work.

39. KBS is/was required to pay Plaintiff and the Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

40. Plaintiff and the Collective Action Members were entitled to one and

one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

41. The Collective Action Members are similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

42. KBS's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a).

43. At all relevant times, KBS was aware that Plaintiff and the Collective Action Members were not paid overtime pay at the rate of one and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

44. Plaintiff and Collective Action Members specifically seek recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim based on KBS's willful conduct. *See* 29 U.S.C. § 255(a).

45. Plaintiff and Collective Action Members seek all damages available for KBS's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant Kellermeyer Bergensons Services, LLC, as follows:

a) An order permitting this lawsuit to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b) Prompt notice, pursuant to 29 U.S.C. § 216(b), of this lawsuit to all potential Collective Action Members allowing them to opt-in to join the claim in this case;

c) For an order awarding Plaintiff and the Collective Action Members actual damages, including unpaid overtime pay permitted by law pursuant to the

COLLECTIVE ACTION COMPLAINT - 7

FLSA, liquidated damages, and prejudgment interest as a result of the wrongful conduct complained of herein;

     d)    For an order awarding reasonable attorneys' fees and costs of suit, including expert witness fees; and

     e)    For an order awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by a jury of all issues triable by right.

DATED: February 4, 2025

     *s/Dennis Stewart*
Dennis Stewart (SBN 99152)
**GUSTAFSON GLUEK PLLC**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (612) 333-8844

Larry Bendesky
Patrick Howard
Adam J. Pantano
Scott Fellmeth
**SALTZ MONGELUZZI BENDESKY**
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
Tel: (215) 575-3986

*Counsel for Plaintiff and the Proposed Collective*